# IN THE COURT OF APPEALS OF IOWA

No. 21-0090
Filed May 26, 2021

**IN THE INTEREST OF R.E., E.E., and E.E.,**
**Minor Children,**

**R.H., Mother,**
     Appellant.

_____

Appeal from the Iowa District Court for Cerro Gordo County, Adam D. Sauer, District Associate Judge.

A mother appeals the termination of her parental rights. **AFFIRMED.**

Cameron M. Sprecher of Sprecher Law Office, PLC, Mason City, for appellant mother.

Thomas J. Miller, Attorney General, and Ellen Ramsey-Kacena, Assistant Attorney General, for appellee State.

Jane M. Wright, Forest City, attorney and guardian ad litem for minor children.

Considered by Doyle, P.J., and Mullins and May, JJ.

**MAY, Judge.**

A mother appeals[1] from the termination of her parental rights to her children, R.E., E.E., and E.E.[2]  She argues (1) the State failed to satisfy the statutory grounds authorizing termination and (2) the Iowa Department of Human Services (DHS) failed to make reasonable efforts toward reunification.  We affirm.

We review termination proceedings de novo.  *A.B.*, 957 N.W.2d at 293.  "We will uphold an order terminating parental rights where there is clear and convincing evidence of the statutory grounds for termination.  Evidence is clear and convincing when there is no serious or substantial doubt as to the correctness of the conclusions of law drawn from the evidence."  *In re T.S.*, 868 N.W.2d 425, 431 (Iowa Ct. App. 2015) (citation omitted).

We generally use a three-step analysis to review the termination of a parent's rights.  *In re A.S.*, 906 N.W.2d 467, 472 (Iowa 2018).  We must determine: (1) whether grounds for termination have been established, (2) whether termination is in the children's best interests, and (3) whether we should exercise any of the permissive exceptions to termination.  *Id.* at 472–73.  "However, if a parent does not challenge a step in our analysis, we need not address it."  *In re J.P.*, No. 19-1633, 2020 WL 110425, at *1 (Iowa Ct. App. Jan. 9, 2020).

---

[1] The mother's notice of appeal was filed one day late.  The mother's attorney has made a professional statement to the court that this delay was caused by "technical issues pertaining to his home office computer, which prevented him from" timely filing the notice.  Given these facts, we believe the supreme court's recent decision in *In re A.B.* requires us to allow a delayed appeal.  957 N.W.2d 280, 289–93 (Iowa 2021) (permitting delayed appeal where the notice was filed two days late and counsel took "the blame for not properly calendaring the deadline due to required quarantining and working from home after her daughter tested positive for COVID-19").  So we proceed to the merits.

[2] The father's parental rights were also terminated.  But he does not appeal.

Regarding R.E., born in 2017, the juvenile court found grounds for termination under Iowa Code section 232.116(1)(e) and (h) (2020). Regarding E.E., born in 2015, and E.E., born in 2014, the juvenile court found grounds for termination under section 232.116(1)(e) and (f). When, as here, the juvenile court terminates on multiple statutory grounds, we may affirm on any ground supported by the record. *See In re A.B.*, 815 N.W.2d 764, 774 (Iowa 2012). The mother challenges the court's findings under paragraph (e). But she raises no challenge to termination under paragraphs (f) and (h). So we believe any such challenge is waived. *See In re J.M.*, No. 20-1324, 2021 WL 1017130, at *1 (Iowa Ct. App. Mar. 17, 2021) (collecting cases).

We have also considered the mother's claim that DHS did not make reasonable efforts toward reunification. She points to the juvenile court's finding in March 2020 that "some basic services have not been offered"; specifically, the parents were not provided weekly status sessions.

But after that order was entered, the mother's provider was changed and she was given a new care coordinator. *See* Iowa Code § 232.99(3). The mother was then offered additional services, including weekly status sessions. Yet the mother resisted or denied a number of the services offered to her.

While DHS must make reasonable efforts toward reunification, "the parent[] bear[s] an equal obligation to demand other, different, or additional services before a permanency or termination hearing." *In re A.O.*, No. 11-1937, 2012 WL 300406, at *2 (Iowa Ct. App. Feb. 1, 2012). Here, the mother does not claim that weekly status sessions were never provided to her after the court's March 2020 order. And she does not state what additional services DHS should have provided her.

*See id.* So this issue is not preserved for our review.[3]  *See In re A.A.G.*, 708 N.W.2d 85, 91 (Iowa Ct. App. 2005).

The juvenile court was correct in terminating the mother's parental rights.[4]

**AFFIRMED.**

---

[3] The mother raised the same argument in *In re E.H.*, No. 20-1560, 2021 WL 609079, at *2 (Iowa Ct. App. Feb. 17, 2021) (terminating the mother's parental rights to her youngest child).  We rejected her argument in that case on the same grounds.  *See E.H.*, 2021 WL 609079, at *2.

[4] To the extent the mother requests additional time to work toward reunification, her argument is not sufficiently developed for our review.  *See* Iowa R. App. P. 6.903(2)(g) ("Failure to cite authority in support of an issue may be deemed waiver of that issue."); *State v. Gibbs*, 941 N.W.2d 888, 902 (Iowa 2020) (McDonald, J., specially concurring) ("The failure to make more than a perfunctory argument constitutes waiver.").  Even so, mother does not specify what changes she would achieve in six months that would alleviate the need for removal.  *See* Iowa Code § 232.104(2)(b).